IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 08-0317-WS |
| ) | |
| DIRICEA TEREY McCANTS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant Diricea Terey McCants' Motion to Appoint Counsel (doc. 106).

In October 2009, McCants was sentenced to a term of imprisonment of 240 months for the offense of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. In the Factual Resume accompanying his guilty plea, McCants stipulated that he was responsible for 80 grams of crack cocaine. That quantity was significant because it triggered a 240-month mandatory sentence under 21 U.S.C. § 841(b)(1)(A), which at the time mandated a 20-year minimum sentence for conspiring to possess with intent to distribute more than 50 grams of crack cocaine after a prior conviction for a felony drug offense (which McCants unquestionably had). Thus, the 240-month sentence imposed on McCants represented the lowest possible sentence available under the circumstances.

On February 1, 2012, the undersigned entered an Order (doc. 105) denying McCants' motion under 18 U.S.C. § 3582(c)(2) for reduction of his sentence under the recent "crack amendment" found at Amendment 750 to the U.S. Sentencing Guidelines. The February 1 Order explained that the 240-month statutory minimum was the binding constraint, and that the Fair Sentencing Act of 2010 (the "FSA") was not made retroactive as to changes in the drug quantity "breakpoints" for those mandatory minimum sentences.[1] In other words, the trouble with

---

[1] After the FSA, the 20-year minimum for defendants with prior felony drug convictions applies only to offenses involving 280 grams or more of crack cocaine. Today, a defendant (such as McCants) who is found responsible for 80 grams of crack cocaine and has a
(Continued)

McCants' § 3582(c)(2) motion is that he was sentenced almost a year before the FSA was enacted in August 2010. McCants cannot avail himself of FSA modifications to the mandatory minimum sentence provision that took effect well after his original sentencing, for the simple reason that Congress did not make those changes retroactive to defendants sentenced earlier. A lengthy, unbroken line of appellate decisions has so held. *See, e.g., United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) ("because the FSA took effect in August 2010, after appellant committed [and was sentenced for] his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment").[2]

In his most recent filing, McCants expresses disagreement with the February 1 Order, states his belief that the FSA is retroactive in his circumstances, and requests appointment of counsel to assist him in pursuing the matter further. It is well settled that there is no right to appointed counsel in connection with § 3582(c)(2) motions. *See, e.g., United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue and we agree with this consensus."). This determination is reinforced where, as here, McCants has made it clear that he seeks counsel for the purpose of pursuing a frivolous argument of retroactivity that is unambiguously foreclosed by a wall of binding precedent.

---

prior felony drug conviction would face a only a 10-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B).

[2]   *See also United States v. Allen*, 2012 WL 1503550, *2 (11th Cir. Apr. 30, 2012) ("we have previously held that the FSA does not apply to defendants, like Allen, sentenced prior to its August 3, 2010 enactment"); *United States v. Powell*, 652 F.3d 702, 710 (7th Cir. 2011) ("we have already held that the [FSA] does not apply retroactively to sentences imposed before that Act was signed into law. … Every circuit to address this issue has reached the same conclusion."); *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) ("Like every other circuit court to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment."); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) ("the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively."); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) (FSA "contains no express statement that it is retroactive nor can we infer any such intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question.").

In short, after careful review of the court file, the undersigned finds that fundamental fairness does not require that McCants receive assistance of a trained advocate to pursue a § 3582(c)(2) or other motion for reduction of sentence to advance a baseless claim for retroactive application of the Fair Sentence Act of 2010. Accordingly, the Motion for Appointment of Counsel (doc. 106) is **denied**.

DONE and ORDERED this 16th day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE